UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA BACHYNSKI,

                    Petitioner,                  Case Number 10-13762
                                                Honorable David M. Lawson

v.

MILLICENT WARREN,

                    Respondent.

_____/

## <u>ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL</u>

This matter is before the Court on the respondent's motion for a stay of the Court's judgment granting a conditional writ of habeas corpus compelling the respondent either to retry or to release the petitioner within seventy days. The Court found that the state courts unreasonably applied *Edwards v. Arizona*, 451 U.S. 477 (1981), and *Rhode Island v. Innis*, 446 U.S. 291 (1980), when they found that the police did not engage in interrogation after the petitioner invoked her right to counsel when they initiated contact with her and told her that a codefendant had given a statement.

In considering whether a stay should be ordered of a habeas petitioner's conditional release pending the respondent's appeal, the Court must determine:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770 (1987). The Court also must consider the risk of flight, potential danger to the public, and the remaining length of the prisoner's sentence. *Id.* at 777. There is a presumption, however, that the petitioner is entitled to release from custody pending appeal. Fed. R. App. P. 23(c); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992).

As to the first factor, the respondent argues that when the Court evaluated the effect of the statements by the police to the petitioner that her codefendant made a statement to the police, it applied a version of the facts that was contrary to the state courts' findings.  The respondent also contends that admitting the tainted confession at trial was harmless.  Neither argument amounts to a strong showing of success.  As to the first point, the trial court made no finding whether or not the police confronted the petitioner with the codefendant's willingness to talk, and therefore never addressed whether conveying that information was a practice that "the police should know [is] reasonably likely to elicit an incriminating response from the suspect."  *Innis*, 446 U.S. at 300-01.  The court of appeals, on the other hand, held that "informing the accused that a codefendant has given a statement, ninety minutes after the accused has invoked her *Miranda* rights" "is not an interrogation initiated by the police."  *People v. Bachynski*, No. 281550, 2009 WL 723600, at *10 (Mich. Ct. App. Mar. 19, 2009).  The court of appeals accepted the petitioner's version of the facts, at least in part, when it held that informing a suspect that an accomplice made a statement did not constitute interrogation.  This Court made no credibility findings, as the respondent argues, and its decision was based on the Michigan Court of Appeals's construction of the facts, which the respondent failed to address either in its response to the petition or its present motion.  The Court does not find that the respondent's showing of potential success on this argument is "strong."

The same must be said of the second argument.  Certainly, there was other evidence of the petitioner's complicity in her codefendant's crimes.  But, as the Supreme Court has explained, and the respondent has failed to address:

> A confession is like no other evidence.  Indeed, "the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. . . . Certainly, confessions have profound impact on the jury . . . .'"

*Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (citations omitted).

The Court finds that the first factor does not favor the respondent.

The remaining factors, however, favor the respondent.  The petitioner remains charged with first-degree murder, and the State has expressed its unequivocal intention to retry her if its appeal is unsuccessful.  She is in custody presently, and would remain there even if the State were required to retry her within the time ordered.  *See* Mich. Const. art. I, § 15(b) (denying bail "where proof is evident or the presumption great" to all "person[s] . . . indicted for, or arraigned on a warrant charging, murder or treason"); Mich. Comp. Laws § 765.5 (stating that "[n]o person charged with treason or murder shall be admitted to bail if the proof of his guilt is evident or the presumption great"); *see also Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970) (holding that "[t]he right to bail under the Eighth Amendment to the United States Constitution prior to conviction is not absolute").  Moreover, the petitioner is serving lengthy sentences on other judgments.  Nonetheless, the State should not be put to the expense of retrial without the opportunity to challenge the habeas judgment on appeal.  And the petitioner has agreed that a stay is appropriate.  For these reasons, the public interest favors a stay as well.

Accordingly, it is **ORDERED** that the respondent's motion for stay pending appeal [dkt. #13] is **GRANTED**.

It is further **ORDERED** that the seventy-day deadline set by the judgment in this case for the respondent either to retry the petitioner or release her from custody is **TOLLED** from the date of

entry of this order through the date of the issuance of the mandate by the United States Court of

Appeals for the Sixth Circuit, or further order of that Court.

s/David M. Lawson

DAVID M. LAWSON
United States District Judge

Dated:  May 6, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on May 6, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI